IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JACQUELINE AND WILLIAM NELSON                    PLAINTIFFS

V.                            CIVIL ACTION NO. 5:23-cv-95-DCB-LGI

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                  DEFENDANT

MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is Allstate Property and Casualty Insurance Company ("Defendant")'s Motion to Dismiss Certain Counts of the Complaint ("Motion") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [ECF No. 7]. In the Motion, Defendant seeks to dismiss all of Plaintiff's claims, except for breach of contract, for failure to state a claim for relief. Jacqueline and William Nelson ("Plaintiffs") filed a timely response opposing the Motion, and Defendant filed a timely reply to rebut Plaintiffs' opposition. The Court, having examined the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds that the Motion should be denied.

I. Factual and Procedural Background

On August 29, 2021, Hurricane Ida struck McComb, Mississippi, and caused property damage to Plaintiffs' home located at 1030 Sharp Lane. [ECF No. 1-1] at 2. Plaintiffs' home was insured by Defendant under a coverage policy at the time of the storm. [ECF

1

No. 1-1] at 2. In the Complaint, Plaintiffs alleges the storm caused severe damage to the "home and contents contained therein." [ECF No. 1-1] at 2.

Plaintiffs reported the loss from the storm damage to Defendant, and Defendant performed an inspection of the property to determine the cost of covered damages. [ECF No. 1-1] at 2-3. After Defendant concluded the inspection, Plaintiffs allege that Defendant "underpaid" Plaintiffs claim by estimating the covered damages at $700.15, which was less than Plaintiffs' deductible. [ECF No. 1-1] at 3.

Plaintiffs subsequently filed a Complaint on September 22, 2023, in the Circuit Court of Pike County, Mississippi. [ECF No. 1-1] at 1. In the Complaint, Plaintiffs allege that Defendant's failure to perform a prompt and adequate investigation and deliver a good faith tender constituted a breach of the insurance contract. [ECF No. 1-1] at 3. Plaintiffs also allege five bad faith and extracontractual claims arising from the breach of contract: Count II – bad faith breach of contract; Count III – intentional breach of contract; Count IV – breach of the covenant of good faith and fair dealing; Count V – negligent infliction of emotional distress; and Count VI – mistake/clerical errors. [ECF No. 1-1] at 3-7. Defendant removed the action to this Court on November 2, 2023. [ECF No. 1].

On December 7, 2023, Defendant filed the instant Motion, alleging that Plaintiffs fail to assert sufficient claims for any relief except for breach of contract. [ECF No. 7]. In the Motion, Defendant avers that Plaintiff vainly relies on a "pocketbook dispute" between Defendant and two other entities that conducted inspection reports on the property to support their bad faith and extracontractual claims. [ECF No. 8] at 2.

Plaintiffs filed a response in opposition to the Motion on January 3, 2024, relying on two arguments: (1) Defendant's conduct constitutes bad faith dealing with Plaintiffs; and (2) the Motion is premature under Rule 56(f) because discovery is stayed and Plaintiffs have not received Defendant's Initial Disclosures. [ECF No. 8] at 2. Defendant filed a rebuttal on January 10, 2024, arguing that the Complaint and Plaintiffs' briefs fail to address Defendant's substantive arguments in the Motion. [ECF No. 16] at 6. Defendant further submits that Plaintiffs mistakenly rely on the premature motion argument because Rule 56(f) applies to motions for summary judgment and not Rule 12(b)(6) motions to dismiss. Id.

## II. Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief

that is facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. Id. Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." Id. at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Tuchman v. DSC Commc'ns Corp.,

4

14 F.3d 1061, 1067 (5th Cir. 1994) (the plaintiff must plead "specific facts, not mere conclusory allegations."). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007).

### III. Analysis

In the Motion, Defendant asks the Court to dismiss the following counts: Count II – Bad Faith Breach of Contract, Count III – Intentional Breach of Contract, Count IV – Breach of Covenant of Good Faith and Fair Dealing, Count V – Negligent Infliction of Emotional Distress, and Count VI – Mistake or Clerical Errors. [ECF No. 1-1] at 4-7.

There appears to be scant evidence to support the viability of these claims; however, the Court will deny the partial motion to dismiss for failure to state a claim at this stage in anticipation of careful review after discovery and at the summary judgment stage. The Court outlines, <u>infra</u>, the necessary showing required for each claim to survive summary judgment.

To recover on a bad faith breach of contract claim, an insured has the burden of showing that the insurer denied the claim (1) without an arguable or legitimate basis, either in fact or law,

5

and (2) with malice or gross negligence in disregard of the insured's rights. United States Fidelity & Guaranty Company v. Wigginton, 964 F.2d 487, 492 (5th Cir. 1992) (citing Dunn v. State Farm Fire and Casualty Co., 711 F. Supp. 1362, 1364 (N.D. Miss. 1988), aff'd, 927 F.2d 869 (5th Cir. 1991)). "Bad faith is characterized as 'conduct which violates standards of decency, fairness or reasonableness.'" Tarver v. Colonial Life & Acc. Ins. Co., 294 F. App'x 873, 876 (5th Cir. 2008) (quoting Cenac v. Murry, 609 So.2d 1257, 1272 (Miss. 1992)). "Bad faith requires a showing of more than bad judgment or negligence; indeed, bad faith 'implies the conscious doing of a wrong because of dishonest purpose or moral obliquity.'" Id. (quoting Bailey v. Bailey, 724 So.2d 335, 338 (Miss. 1998) (en banc)).

Mississippi courts apply the directed verdict test to determine whether an insurer had an arguable reason for its decision, and thus, to determine whether bad faith claims are meritorious. Reed v. State Farm Fire and Cas. Co., 2022 WL 4474177 (S.D. Miss. Sept. 26, 2022). "Under this test, unless the insured would be entitled to a directed verdict on the underlying insurance claim, an arguable reason to deny the insurance claim exists in most instances." Dunn v. State Farm Fire & Cas. Co., 927 F.2d 869 (5th Cir. 1991); see also, Tipton v. Nationwide Mut. Fire Ins. Co., 381 F. Supp. 2d 572, 579 (S.D. Miss. 2004). A directed verdict is permissible only when "the court finds that a reasonable jury

6

would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50.

Next, to recover punitive damages on an intentional breach of contract claim under Mississippi law, a plaintiff must show either of the following by a preponderance of the evidence "(1) malice or (2) gross negligence or reckless disregard for the rights of others." Paracelsus Health Care Corp. v. Willard, 754 So. 2d 437, 447 (Miss. 2000). Plaintiff bears the burden to prove "an intentional wrong, insult, or abuse" or "such gross negligence as constitutes an independent tort." Id. "[O]rdinary torts, the product of forgetfulness, oversight, or the like, do not rise to the heightened level of an independent tort." Andrew Jackson Life Ins. Co. v. Williams, 566 So. 2d 1172, 1187 (Miss. 1990)(internal quotations omitted).

Furthermore, "[a]ll contracts contain an implied covenant of good faith and fair dealing in performance and enforcement." Limbert v. Miss. Univ. for Women Alumnae Ass'n, Inc., 998 So. 2d 993, 998 (Miss. 2008) (citing Morris v. Macione, 546 So. 2d 969, 971 (Miss. 1989)). Good faith has been described as "'faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party.'" Harris v. Miss. Valley State Univ., 873 So. 2d 970, 987 (Miss. 2004) (quoting Cenac v. Murry, 609 So. 2d 1257, 1272 (Miss. 1992)).

7

"The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." Id. In other words, "bad faith implies some conscious wrongdoing because of dishonest purpose or moral obliquity." Lippincott v. Miss. Bureau of Narcotics, 856 So. 2d 465, 468 (Miss. Ct. App. 2003) (citation and internal quotation marks omitted).

"Under Mississippi law, a claim for negligent infliction of emotional distress requires allegations supporting a claim for general negligence in addition to allegations of some sort of injury or demonstrable harm, whether it be physical or mental, and that harm must have been reasonably foreseeable to the defendant." Cirino v. Bank of Am., N.A., No. 1:14-cv-240, 2015 WL 5752105, at *7 (S.D. Miss. Aug. 16, 2015) (quoting Am. Bankers' Ins. Co. of Fla. v. Wells, 819 So. 2d 1196, 1208 (Miss. 2001)). "[A] plaintiff therefore may not recover emotional distress damages resulting from ordinary negligence without proving some sort of physical manifestation of injury or demonstrable physical harm." Wilson v. Gen. Motors Acceptance Corp., 883 So. 2d 56, 64 (Miss. 2004) (quoting Am. Bankers', 819 So. 2d at 1209).

Finally, in their Complaint, Plaintiffs allege they are entitled, in the alternative, to recover Veasley damages arising from Defendant's mistake and/or clerical error. [ECF No. 1-1] at

8

7. Veasley damages are extracontractual damages where "the conduct was not sufficiently egregious to justify the imposition of punitive damages," but still where "the insurer lacks an arguable basis for delaying or denying a claim." Essinger v. Liberty Mut. Fire Ins. Co., 534 F.3d 450, 451 (5th Cir. 2008). These extracontractual damages can include attorneys' fees and other costs. Id. at 452. Although these damages may be awarded based on the negligence of an insurance company's employees' handling of an insurance claim, a plaintiff must still satisfy the first prong (i.e., "arguable or legitimate basis") of the test for punitive damages on a bad faith insurance claim. Id. at 451.

IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Certain Counts of the Complaint [ECF No. 7] is DENIED. After discovery, Defendant may re-urge its Motion at the summary judgment stage.

SO ORDERED, this 6th day of March, 2024.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE